*459 OPINION.
Gkeen:
All of the errors assigned in the petition were abandoned at the hearing, except those relating to the value of good will acquired in exchange for stock at the time of incorporation in 1905, for invested capital purposes and the value thereof, on March 1, 1913, for deduction purposes. With respect to these issues the petitioner contends that the evidence shows that the value of the good will in 1905, at the time it was acquired in exchange for $250,000 par value of the petitioner’s capital stock, was $175,000; that the value on March 1, 1913, was $275,000; that in accordance with section 207 (a) of the Revenue Act of 1917, it is entitled to include in its invested capital for the year 1917 good will to the extent of $60,000 (20 per cent of the total outstanding shares of the petitioner’s capital stock of the par value of $300,000); that in accordance with section 326 (a) (4) of the Revenue Act of 1918 it is entitled to include in its invested capital for each of the years 1918 to 1920, inclusive, good will to the extent of $75,000 (25 per cent of $300,000); and that in accordance with section 234 (a) (7) of the Revenue Act of 1918 it is entitled to deduct from gross income for the years 1918 to 1920, inclusive, obsolescence of good will due to national prohibition in the amounts of $132,420.84, $132,420.84 and $5,870.71, respectively. The respondent determined that the alleged good will had no value either at the time of incorporation or on March 1, 1913, and that, therefore, no amount representing good will could be allowed either in invested capital or as deductions from gross income.
The business here in question was originally started by Dunston and Kennelly as partners in 1891. In May, 1899, the partnership of Dunston & Kennelly was dissolved and the business sold at public auction. At that time the investment of the partnership in the business amounted to approximately $9,000. Dunston bought it at auction for $25,000, which would indicate that at that time a substantial good will value existed. The business was then conducted under the partnership name of Dunston & Son, until February 7, 1905, at which time it was transferred to the petitioner, which had been incorporated on January 9, 1905. At the time of transfer the petitioner assumed liabilities in the amount of $21,991.14 and issued *460 its entire authorized capital stock of the par value of $300,000 for the following:
Stock subscriptions_:_ $500. 00
Tangible assets_ 71,491.14
Good will_ 250, 000. 00
321, 991.14
The good will account in the amount of $250,000 remained on the petitioner’s books as an asset from 1905 to February 28,1920, at which time it was charged off as a loss.
The evidence offered by the petitioner in support of the good will value contended for by it consisted of its net earnings for the years 1906 to 1919, inclusive, the approximate net earnings of the partnership of Dunston & Son from 1900 to 1904, inclusive, together with the value of the net tangible assets foi the same periods, and the testimony of two expert witnesses, namely, August Janssen and Kennelly. Both witnesses, and particularly the former, were well qualified to express opinions as to the value of the petitioner’s good will. Janssen testified that in his opinion the petitioner’s good will was worth at least $175,000 on February 7, 1905, $275,000 on March 1, 1913, and $500,000 the latter part of 1917. The purpose of introducing evidence as to the value of good will in 1917 was to show that the good will which existed in 1905 and 1913 had not disappeared prior to the date on which it could be foreseen that national prohibition was a practical certainty. Kennelly’s opinion was that in 1905, the petitioner’s good will was worth $200,000, and that on March 1, 1913, it was worth $300,000. The respondent offered no evidence on the issue, but relied upon cross-examination of the petitioner’s witnesses.
After a careful consideration of the entire record, we are of the opinion, and so find, that the actual cash value of the good will acquired by the petitioner on February 7, 1905, in exchange for $250,-000 par value of its capital stock, was at least $175,000; and that the fair market value of its good will on March 1, 1913, and the latter part of 1917, was at least $275,000 and $500,000, respectively.
At all times during the years here in question, the total outstanding capital stock of the petitioner was $300,000, $250,000 of which was issued, in 1905, for good will having at that time an actual cash value of $175,000. It follows that the petitioner is entitled to have included in its invested capital for each of the years 1917 to 1920, inclusive, the value of good will subject to the limitations prescribed in section 207 (a) of the Eevenue Act of 1917, and section 326 (a) (4) of the Eevenue Act of 1918.
Eelative to the petitioner’s contention that in accordance with section 234 (a) (7) of the Eevenue Act of 1918. it is entitled to de *461 duct from gross income during the years 1918 to 1920, inclusive, the March 1, 1913 value of the good will which was destroyed by national prohibition, we have consistently held in other cases that the statute did not authorize such deductions. See Manhattan Brewing Co., 6 B. T. A. 952, citing Red Wing Malting Co. v. Willcuts (C. C. A., 8th Cir.), 15 Fed. (2d) 626; certiorari denied, 273 U. S. 763; Morand Brothers, 8 B. T. A. 1262, and cases therein cited; and Renziehausen v. Commissioner, 8 B. T. A. 87; affd., C. C. A., 3d Cir., 31 Fed. (2d) 675; certiorari granted 280 U. S. 387. See contra, Haberle Crystal Springs Brewing Co. v. Clarke (C. C. A., 2d Cir.), 30 Fed. (2d) 219; certiorari granted 280 U. S. 384.
The deficiencies should be redetermined so as to correct the errors relative to invested capital as indicated above.

Judgment will be entered under Rule 50.